**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ANTHONY JOSEPH TULINO,

Plaintiff,

v. CASE NO. 8:21-cv-69-WFJ-TGW

LOUIS DEJOY,
Postmaster General,
United States Postal Service,

Defendant.
_________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE came on for consideration upon the pro se plaintiff's Motion to Proceed In Forma Pauperis (Doc. 2) and his Second Amended Complaint (Doc. 22). The plaintiff's second amended complaint is the third iteration of this pleading. The plaintiff has also filed a response to the Defendant's Motion to Dismiss the Plaintiff's Second Amended Complaint (see Docs. 26, 36). Because the plaintiff's second amended complaint contains the same deficiencies as the first amended complaint, and his response does not cure any of these deficiencies, I recommend that the second amended complaint be denied with prejudice.

I.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The court liberally construes pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se pleading "must still comply with procedural rules governing the proper form of pleadings." Hopkins v. St. Lucie County School Board, 399 Fed. Appx. 563, 565 (11th Cir. 2010). Thus, a court will not "'rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

When a complaint is dismissed as deficient, a pro se plaintiff must generally be given one chance to amend his complaint. Silva v. Bieluch, 351 F.3d 1045, 1048–49 (11th Cir. 2003). However, further opportunities to amend may be denied when such an amendment would be futile. Cornelius v. Bank of America, N.A., 585 Fed. Appx. 996, 1000 (11th Cir. 2014), citing

Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007). As the Eleventh Circuit has stated:

> [although] the court "should freely give leave when justice so requires" [under Fed.R.Civ.P. 15(a)(2)] .... justice does not require district courts to waste their time on hopeless cases, [and] leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (describing "futility" as a basis for denying leave).

Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008).

II.

On January 11, 2021, the plaintiff filed his initial complaint (Doc. 1) and a motion to proceed in forma pauperis (Doc. 2). On January 26, 2021, the plaintiff filed an amended complaint (Doc. 4). On March 30, 2021, I issued a Report and Recommendation, recommending that the amended complaint be dismissed without prejudice and the motion to proceed in forma pauperis be deferred, pending the opportunity for the plaintiff to file a second amended complaint (Doc. 12). A second amended complaint was necessary, as the first amended complaint failed to state a cognizable claim that complies with the Federal Rules of Civil Procedure (id., p. 5). In particular, the amended complaint did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure (id., p. 2). After the plaintiff filed his second

amended complaint, the defendant filed his motion to dismiss the second amended complaint[1] (see Doc. 26). The plaintiff did not respond. Thus, I issued an order that gave the plaintiff additional time to file his response, which he did in a timely manner (see Doc. 35).

The plaintiff's second amended complaint is the third iteration of his claims. Several of the amended complaint's deficiencies—namely, that it did not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure—were detailed for the plaintiff in the Report and Recommendation and this court's Order, and he was afforded an opportunity to cure those deficiencies (Docs. 12, 14). The second amended complaint has properly stated the claims in numbered paragraphs and separates these claims into separate counts, in compliance with Rule 10(b) of the Federal Rules of Civil Procedure (see Doc. 22). However, it still does not comply with Rule 8 of the Federal Rules of Civil Procedure. As noted by the defendant, similar to the first amended complaint, the second amended complaint consists of vague and conclusory allegations and, accordingly, fails to state a claim upon which relief can be granted. In his second amended complaint, the plaintiff asserts (1) failure to provide reasonable

[1]As noted by the defendant in his motion to dismiss, the plaintiff did not serve the defendant as required by Rule 4(i) of the Federal Rules of Civil Procedure.

accommodations (2) disparate treatment and (3) hostile work environment. None of these claims is meritorious for the reasons set forth below.

In Count I, styled as a failure to provide a reasonable accommodation, it is unclear which disability the plaintiff is asserting was not accommodated. While the plaintiff appears to assert "disabilities including hearing loss and breathing difficulties" he then provides an additional list of seemingly irrelevant disabilities (id., pp. 2–3, ¶¶7, 11–12, 19, 23, p. 5, ¶36). Even assuming the inquiry is limited to the plaintiff's hearing loss and breathing difficulties, the plaintiff has not made clear how his employer's alleged failure to accommodate his disabilities affected his ability to work (id., pp. 5–6). This point was also noted by the defendant in his motion to dismiss the second amended complaint (see Doc. 26, p. 4).

The plaintiff, in his response, did not provide any additional information to address these issues. Rather, the plaintiff instead states that the "defendant Attorney [is] using the same argument made in Plaintiff['s] originally filed complaint" and then lists a string of citations to U.S. Equal Employment Opportunity Commission (EEOC) reports and "applicable medical records" without any clear indication as to the relevance of these citations (see Doc. 36, p. 3). Thus, the plaintiff's failure to identify exactly

which disabilities were not accommodated and how this affected his ability to work makes his claim fail.

In Count II, labeled disparate treatment, it is unclear what, if any, illegal conduct has occurred (Doc. 22, p. 7). The plaintiff at best makes vague, conclusory statements that "[the] Defendant did not exercise reasonable care to monitor, halt the prohibited illegal acts of disparate treatment with disabilities. USPS guarantees all employees are treated with dignity and respect" (id., p. 7, ¶46). However, as noted by the defendant, the plaintiff did not provide any "factual context" supporting his claim of disparate treatment and, rather, appears to attempt to do so by impermissibly incorporating the allegations in the preceding counts[2] (see Doc. 26, p. 4).

In his response, the plaintiff again fails to provide any factual context. Rather, he asserts, "Plaintiff states when the management fails to follow its own house rules and regulations that constitute evidence of pretext" and he, again, provides a string of citations to EEOC reports that purportedly show "discriminatory animus" by the defendant towards the

[2]A complaint that fails to comply with Rule 8 of the Federal Rules of Civil Procedure may be a shotgun pleading. One form of a shotgun pleading is when "a complaint contain[s] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1320 (11th Cir. 2015).

plaintiff (Doc. 36, pp. 3–4). Thus, the plaintiff fails to allege any facts that demonstrate disparate treatment.

Finally, Count III, labeled hostile work environment, contains conclusory assertions and irrelevant information. Rather than properly alleging facts, the plaintiff instead provides conclusory statements such as "that [he was] admonish[ed] for … lacking skills" and that "Defendant … intentionally created or knowingly permitted working conditions that were so intolerable or aggravated that a reasonable person would be compelled to resign" (Doc. 22, pp. 8, 9, ¶¶50, 59). Additionally, the plaintiff again lists strings of dates and EEOC reports, the relevance of which are unclear (id., p. 8, ¶¶50, 54).

The defendant in his motion to dismiss notes that the plaintiff's argument was devoid of any factual allegations (Doc. 26, p. 5). In his response, the plaintiff simply states that "the factual allegations are prepared and presented in the EEO investigation reports submitted in the case file" (Doc. 36, p. 4). Thus, the plaintiff did not provide any discernable facts that could support his claim.

In sum, the plaintiff's second amended complaint is largely comprised of vague, irrelevant information and conclusory assertions. Furthermore, the plaintiff does not remedy these issues in his response to the

defendant's motion to dismiss the second amended complaint. These conclusory assertions do not comply with the Federal Rules of Civil Procedure. See Rules 8(a)(2), (d)(1), F.R.Civ.P.

The purpose of Rule 8 of the Federal Rules of Civil Procedure is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The pleading standard "'requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts v. Florida International University, 495 F.3d 1289, 1295 (11th Cir. 2007) (internal citation omitted). The plaintiff simply has not met this standard.

Furthermore, the plaintiff was granted an additional opportunity when he was permitted to file a response to the defendant's motion to dismiss the second amended complaint. For the reasons discussed, the plaintiff's response does not cure any of the deficiencies in his second amended complaint. Since there is nothing to suggest that giving the plaintiff an opportunity to file a third amendment, i.e., a fourth complaint, will lead to a different result, I recommend that the second amended complaint be dismissed with prejudice. Mizzaro v. Home Depot, Inc., supra, 544 F.3d at 1255 ("[L]eave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.").

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: NOVEMBER 29, 2021.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.